UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ABDERRAHMANE BOWBA,

Petitioner,

Case No. 1:26-cv-2330

v.

Honorable Paul L. Maloney

UNKNOWN PARTY #1 et al.,

Respondents.

____________________________/

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) The Court grants Petitioner leave to proceed *in forma pauperis* in this action. (ECF No. 2.) For the following reasons, the Court will grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**Discussion**

**I. Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, accept jurisdiction over this action and issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.9.)

In an order entered on August 17, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner

should not be granted. (Order, ECF No. 5.) Respondents filed their response on August 20, 2026. (ECF No. 6.)

## II. Relevant Factual Background

Petitioner is a citizen of Mauritania who entered the United States on December 26, 2023, near San Diego, California, without inspection. (Pet., ECF No. 1, PageID.11.) On December 9, 2025, ICE agents arrested Petitioner. (*Id.*)

On March 6, 2026, an Immigration Judge ordered Petitioner removed to Uganda under the Asylum Cooperative Agreement. (*Id.*; Immigration Judge Order, ECF No. 6-2, PageID.70–72.) Petitioner did not file an appeal with the Board of Immigration Appeals (BIA).[1] Therefore, Petitioner's removal order became administratively final on April 7, 2026.[2]

## III. Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

[1] See Automated Case Information, https://acis.eoir.justice.gov/en/ (enter "245667245" for the A-Number, select "Mauritania" for the Nationality, and select Submit) (last visited Aug. 31, 2026).

[2] For the purposes of 8 U.S.C. § 1231(a), a removal order "shall become final upon the earlier of (i) a determination by the Board of Immigration Appeals (BIA) affirming such an order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." 8 U.S.C. § 1101(a)(47)(B).

## IV. Merits Discussion

The parties agree that because Petitioner has a final order of removal, Petitioner's present detention is governed by 8 U.S.C. § 1231. (*See* Pet., ECF No. 1, PageID.6; Resp., ECF No. 6, PageID.57.) However, Petitioner contends that his detention is unlawful and violates the Due Process Clause of the Fifth Amendment. (Pet., ECF No. 1, PageID.6.) In response, Respondents argue that Petitioner's continued detention under 8 U.S.C. § 1231(a) remains lawful and does not implicate the constitutional concerns identified in *Zadvydas v. Davis* 533 U.S. 678, 701 (2001). (Resp., ECF No. 6, PageID.57–60.)

Section 1231 provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). "During the removal period, the Attorney General shall detain the alien." *Id.* § 1231(a)(2)(A). Here, as noted above, Petitioner's order of deportation became final on April 7, 2026. The 90-day removal period following the order expired before Petitioner filed the present action. *See id.* § 1231(a)(1) ("The [90-day] removal period begins on . . . [t]he date the order of removal becomes administratively final.").

In *Zadvydas v. Davis*, the Supreme Court held that after expiration of the 90-day removal period, the Government may continue to detain the noncitizen for a "presumptively reasonable period" of time, which the Supreme Court concluded equaled six months. *See Zadvydas*, 533 U.S. at 701. Following that six-month period, "once [a noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*[3] "[O]nce [a noncitizen's] removal

[3] The Court notes that the Supreme Court recently held that § 1231(a)(6) does not require the "Government to offer detained noncitizens bond hearings after six months of detention in which the Government bears the burden of proving by clear and convincing evidence that a noncitizen poses a flight risk or a danger to the community." *See Johnson v. Arteaga-Martinez*, 596 U.S. 573,

is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699.

"Although the Supreme Court established a six-month period of presumptively reasonable detention," courts have found that *Zadvydas* does "not preclude a detainee from challenging the reasonableness of his detention before such time." *See, e.g.*, *Munoz-Saucedo v. Pittman*, 789 F. Supp. 3d 387, 395–96 (D.N.J. 2025) (citing, *inter alia*, *Zadvydas*, 533 U.S. at 699–701; *Ali v. Dep't of Homeland Sec.*, 451 F. Supp. 3d 703, 706–07 (S.D. Tex. 2020); *Hoang Trinh v. Homan*, 333 F. Supp. 3d 984, 994 (C.D. Cal. 2018)); *Ali v. Dep't of Homeland Sec.*, 451 F. Supp. 3d 703, 707 (S.D. Tex. 2020) ("This six-month presumption is not a bright line, however, and *Zadvydas* did not automatically authorize all detention until it reaches constitutional limits." (citations omitted)). That is, during the six-month period of detention, "[t]he presumption of reasonableness is the default," and "the government bears no burden to justify detention," "but if a person 'can prove' that his removal is not reasonably foreseeable, then he can overcome that presumption." *Id.* at 397 (citations omitted).

Respondents' declarant attests that as of June 2026, "all removal flights to Uganda were paused as a result of an outbreak of the Ebola virus" and "once removal flights to Uganda are resumed, [Petitioner] will be scheduled for removal to Uganda." (Wynns Decl. ¶¶ 19–20, ECF No. 6-1, PageID.68.) Respondents provide no information about the expected timeline for the resumption of flights to Uganda. Without any information about the expected timeline for the resumption of flights to Uganda, there is no information in the record before the Court to show that flights will resume in the foreseeable future.

---

576 (2022). The Court, however, did not reach Arteaga-Martinez's constitutional or *Zadvydas* claims, concluding that such claims were not properly before the Court. *See id.* at 583–84.

Petitioner argues that his removal is not reasonably foreseeable. (Pet., ECF No. 1, PageID.6.) Petitioner initiated this action on August 13, 2026, and there is nothing in the record before the Court to indicate that Respondents have taken any further action to effect the deportation of Petitioner after all removal flights to Uganda were paused, and there is no indication in the record that Respondents expect flights to resume in the foreseeable future. Although Respondents bear no burden during the six-month period to justify detention, the facts presented in the record before the Court, as set forth above, are sufficient to "prove" that Petitioner's deportation is not reasonably foreseeable.

## V. Other Claims and Other Forms of Relief

Because the Court will grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

## Conclusion

For the reasons discussed above, the Court will enter a judgment granting Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The Court will order Respondents to release Petitioner from detention, subject to any conditions that existed under Petitioner's prior order of supervision. The Court will also order Respondents to file a status report within five days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment.

Dated: September 3, 2026

/s/ Paul L. Maloney
Paul L. Maloney
United States District Judge